U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY - 5 2021
CLERK, U.S. DISTRICT COURT
By_____ Deputy

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS AMARILLO DIVISION

ROMAN CONRADO ESPINOZA-TORRES, §
§
Petitioner, §
§
v. § CIVIL ACTION No. 2:18-CV-072-Z
§ (CRIMINAL ACTION No. 2:17-CR-45)
§
UNITED STATES OF AMERICA, §
§
Respondent. §

**MEMORANDUM OPINION AND ORDER DENYING
MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Before the Court is Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed April 16, 2018 (ECF No. 1) ("Motion"). For the reasons set forth below, the Motion is **DENIED**.

**BACKGROUND**

Petitioner moves to set aside his sentence under 28 U.S.C. § 2255, alleging he received ineffective assistance of counsel during sentencing. In 2017, Petitioner pleaded guilty to illegal re-entry after deportation in violation of 8 U.S.C. § 1326(a), (b)(2) and 6 U.S.C. 202(3) & (4) & 557. *See* CR ECF No. 23.[1] Petitioner alleges two grounds of constitutional error at sentencing. Both grounds assert that his counsel was ineffective by failing to make specific objections to the Presentence Investigation Report ("PSR") and resultant guideline range. *See* ECF No. 1 at 5-6. First, Petitioner asserts his base offense level was calculated incorrectly and no objection was made by counsel. *Id.* at 5. Second, Petitioner asserts his criminal history category level was calculated incorrectly and no objection was made by counsel. *Id.* at 6. Petitioner bases each ground on the

---

[1] Record citations to Petitioner's federal criminal case, *United States v. Espinoza-Torres*, 2:17-CR-45-Z-BR-1 shall be to "CR ECF No." throughout this Opinion.

timing of his prior criminal convictions and asserts that these prior convictions were too old to result in any increase in his base level offense or the assessment of any criminal history points. *Id.* at 5-6.

In 1992, Petitioner was convicted of possessing over fifty kilograms of marijuana with intent to distribute. *See* CR No. 25-1 (PSR) at 7, ¶ 34. Petitioner served an 18-month sentence, after which, Petitioner was deported to his home country of Mexico in 1994. *Id.*

Petitioner illegally re-entered the United States on an unknown date after his removal in 1994, and in 1997 was convicted of attempted possession of marijuana for sale, having a weight of 4 pounds or more. *Id.* at 8, ¶ 35. Petitioner was sentenced to three-and-a-half years for this offense. After completion of his sentence, he was deported to his home country of Mexico in 2000. *Id.*

Petitioner admitted to immigration officials that he illegally re-entered the United States by falsely claiming United States citizenship on an unknown date in 2000. *See Id.* at 5, ¶ 13. In 2004, Petitioner was convicted of a DUI in Arizona. *Id.* at 8, ¶ 36. Petitioner was not encountered by law enforcement or immigration officials again until May of 2017. *Id.* at 4 ¶ 11-12. In May of 2017, immigration officials, following up on a lead, located Petitioner in Amarillo, Texas, which led to the instant charge of illegal re-entry. *Id.* at 4, ¶ 12.

The PSR assigned a base offense level of 8 under the applicable guideline, USSG § 2L1.2(a). *Id.* at 6, ¶21. A six-level increase was imposed based on the fact that, after his original removal, Petitioner was convicted of a felony offense for which the sentence imposed exceed one year and one month—i.e., his 1992 federal narcotics conviction. *Id.* at 6 ¶ 22.) The PSR also assigned an eight-level increase because, after the original removal, Petitioner was convicted of a felony offense for which the sentence imposed was two years or more—i.e., his 1997 Arizona

narcotics conviction. *Id.* at 6, ¶ 23. With a three-level reduction for acceptance of responsibility, his total offense level was 19. *Id.* at 7, ¶ 29-31. Petitioner's criminal history calculation included three points for the 1992 federal narcotics conviction, three points for the 1997 Arizona narcotics conviction, and one point for the 2004 DUI. *Id.* at 7-8, ¶¶ 34-36.) This yielded a criminal history category of IV. *Id.* at 9, ¶ 38. The resulting advisory guideline range was 46 to 57 months' imprisonment. *Id.* at 16, ¶ 73.

Petitioner, through counsel, objected to the PSR calculations. *See* CR ECF No. 27 at 1-4. Specifically, Petitioner's counsel correctly argued that the six-level base level increase should only be assigned for an offense that receives criminal history points. *Id.* at 2 (citing Note 3 to USSG §2L1.2). However, counsel incorrectly argued that Petitioner's 1992 federal narcotics convictions should not be assigned criminal history points because it was too remote in time. *Id.* at 2-3.

An addendum to the PSR defended both the six-level base level increase and the criminal history point calculation. *See* CR ECF No. 28-1 (PSR Add.)). Specifically, the PSR Addendum noted that the fifteen-year time frame provided by Note 3 to USSG §2L1.2 should not be calculated as a 23-year gap (1994 to 2017), but rather as a 6-year gap (1994 to 2000). *Id.* at 2. At sentencing, Petitioner's counsel affirmed that the PSR addendum "did provide the basis for [the guideline] calculations," and effectively withdrew those objections because she agreed "that the correct application of the guidelines would result in a range of 46 to 57 months." *See* CR ECF No. 34 at 5-6. On November 28, 2017, the Court imposed a 51-month prison sentence. CR ECF No. 30.

**LEGAL STANDARD**

"Section 2255 provides relief for a petitioner who can establish that either (1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess

3

of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack." *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (internal marks omitted). "[A] defendant is limited to alleging errors of a constitutional or jurisdictional magnitude." *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (internal marks omitted). When alleging issues of jurisdictional or constitutional magnitude for the first time in a § 2255, a Petitioner must show cause for his procedural default in not raising the issue on direct appeal and actual prejudice suffered as a result of the error. *Samuels*, 59 F.3d at 528; *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996).

### ANALYSIS

Petitioner has requested an evidentiary hearing to resolve his claim. *See* ECF No. 1 at 12. Such a request is permitted only if a Petitioner presents independent indicia of the likely merits of his allegations. *See United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (internal marks omitted). Because Petitioner's offers no such indicia and his sole ground for relief is both factually baseless and procedurally barred, his request for a hearing is **DENIED**.

Petitioner argues that he received ineffective assistance of counsel at sentencing. For an ineffective assistance of counsel claim to prevail, the petitioner must show (1) that his counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The Strickland test requires that both elements must be met to prove ineffective assistance of counsel. *Strickland*, 466 U.S. at 69. First, it must be determined if the performance of the petitioner's counsel fell below an objective standard of reasonableness. Petitioner has argued that his counsel fell below the objective standard of reasonableness by not objecting to the sentencing

4

guidelines calculations at the time of sentencing, as outlined above. *See* ECF No. 1 at 5-6. First, the Court notes that Petitioner's counsel did make both of the objections in Petitioner's two grounds. *See* CR ECF No. 27 at 1-4. However, Petitioner's counsel did not renew these objections at sentencing following the entry of the PSR Addendum in the record. *See* CR ECF No. 34 at 5-6.

For there to be any question that counsel was ineffective, Petitioner must show that the objections waived at sentencing were meritorious and resulted in a higher guideline calculation. An attorney's failure to raise a meritless objection does not deprive the defendant from effective counsel. *See United States v. Coleman*, 2002 WL 1758179 (N.D. Tex. 2002).

Therefore, the crux of this case turns on when Petitioner's offense of illegal re-entry after deportation occurred. If Petitioner's offense is too remote in time, as indicated by counsel's original objections to the PSR and Petitioner's Motion, then the objections were meritorious and affected the guideline calculation. *See* CR ECF No. 27; ECF No. 1 at 5-6. However, if the PSR Addendum is correct, then Petitioner's counsel was not ineffective in failing to renew objections to the guideline calculations at sentencing.

Where a deported alien enters the United States and remains here with the knowledge that his entry is illegal, his remaining here until he is "found" is a continuing offense because it is "an unlawful act set on foot by a single impulse and operated by an unintermittent force.". *United States v. Santana-Castellano*, 74 F.3d 593, 598 (5th Cir. 1996) (citing *United States v. Midstate Horticultural Co.*, 306 U.S. 161, 59 S.Ct. 412, 563 (1939). Thus, Petitioner's illegal re-entry offense began in 2000 and continued through 2017. *See* CR ECF No. 25-1 at 5, ¶13. As such, the PSR and PSR Addendum correctly calculated the guideline provisions, and any further objections by Petitioner's counsel would not have resulted in a reduced guideline calculation.

## Conclusion

For the reasons set forth above, the "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 1) filed by Petitioner Roman Conrado Espinoza-Torres is **DENIED**.

**SO ORDERED.**

May 5, 2021.

*[signature]*
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE